UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURIAN FINANCIAL SERVICES, INC.,

        Plaintiff,

                              Case No.16-12137

vs.                               Paul D. Borman
                               United States District Judge

DAVID WILLIAM TREDER II, ALICIA
TREDER, AND ASSETMARK INVESTMENT
SERVICES, INC.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER PURSUANT TO FED. R. CIV. P. 65 AGAINST DEFENDANTS

### I. INTRODUCTION

      This diversity action was filed June 10, 2016, by Plaintiff Securian Financial Services against Defendants Alicia Treder, David William Treder II, and AssetMark Investment Services, Inc.

      Now before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Injunctive relief filed in conjunction with its complaint on Friday, June 10, 2016 (ECF No. 2.) Plaintiff alleges the Court must determine the proper attorney-in-fact for David William Treder, where his son and wife have submitted competing durable powers of attorneys and more than $700,000 of his assets have been or will be transferred from his investment accounts held by Defendant AssetMark. (ECF No. 1.)

Plaintiff requests pursuant to Fed. R. Civ. P. 65 that this Court issue an emergency ex parte temporary restraining order directing Defendant Alicia Treder and/or Defendant AssetMark to return the monies at issue to Plaintiff, and enjoin both all Defendants from further accessing or altering the Treder Accounts until the Court resolves the issue of which power of attorney is valid and who controls the Treder Accounts.

A ex parte hearing on this matter was held on June 13, 2016 at 1:30 PM.

## II. BACKGROUND

### A. The Parties

Plaintiff is a company that offers insurance products, investment management services, and retirement solutions. (ECF No. 1, Compl. at ¶ 8.) Plaintiff is a Minnesota company and its principal place of business is St. Paul, Minnesota. (*Id*. at ¶ 1.)

Defendant David William Treder II, the son of David Treder, is a resident of Illinois. (*Id*. at ¶ 2.) Defendant Alicia Treder, is Defendant Treder's step-mother and wife of David Treder. (*Id*. at ¶¶ 10, 17.) She is a resident of Harper Woods, Michigan. (*Id*. at ¶ 3.) Defendant AssetMark, a company that handles accounts on behalf of Plaintiff, is a California corporation with its principal place of business in California. (*Id*. at ¶¶ 4, 18.)

### B. The Accounts

On September 1, 2015, David Treder ("Mr. Treder") opened two accounts ("Treder Accounts") with Plaintiff and as of May 17, 2016 the amounts in the accounts totaled approximately $711,354.00. (Compl. ¶ 9.)

### C. Competing Powers of Attorneys

On May 16, 2016, Plaintiff received a letter from Defendant Alicia Treder's attorney on

her behalf that included a General Durable Power of Attorney dated October 15, 2015. (Compl., Ex. A, 5/16/16 Ltr. with 2010 POA.) Also included with the letter and the 2010 POA were two letters from Mr. Treder's physicians dated April 7 and 12, 2016, that set forth that Mr. Treder was no longer competent to manage his own affairs due to his medical conditions. (*Id*.) Defendant Alicia Treder requested via the letter that the "any and all funds or accounts" held in Mr. Treder's name be transferred to a new adviser, Joel Mishler, at Axa Advisors. (*Id*.) The letter indicated that time was of the essence in the matter.[1]

In light of the 2010 POA and the letters from Mr. Treder's physicians, Plaintiff directed that Defendant Alicia Treder be added as an Attorney-in-Fact to the accounts of Mr. Treder. (Ex. B, 5/19/16 Ltr.)

Then, on May 25, 2016, Defendant Treder II, submitted documents to Plaintiff to add himself as an Attorney-in-Fact to the Treder Accounts. (Ex. C.) In support of his request, Defendant Treder II, attached a Durable Power of Attorney, executed on July 18, 2015, purporting to revoke any previous power of attorney signed by Mr. Treder and grants Defendant Treder II full power and authority over Mr. Treder's accounts and affairs. (*Id*.)

On Friday, May 27, 2016, Defendant Treder II, contacted Duane Stevens of GCG Financial, the investment manager on the Treder Accounts. (Ex. D, 5/27/16 Email.) In the email, Defendant Treder II states his father called to check on the Treder Accounts and learned that his wife had submitted an "invalid POA, added herself to the account, and liquidated all of his securities." (*Id*.) Defendant Treder II then directed Mr. Stevens to "do what you need to

---

[1] Interestingly the letter also indicated that Defendant David Treder II was Plaintiff's former employee. (*Id*.)

make [his] attached POW effective" and forward the new account numbers as soon as possible. (*Id.*)

That same day, in light of the competing Powers of Attorneys, Plaintiff contacted Defendant AssetMark via fax and directed it to institute a "block/hold" on Mr. Treder's accounts until the matter was resolved. (Ex. E, 5/27/16 Fax.)

On Wednesday, June 1, 2016, Plaintiff sent letters to Defendants Treder II and Alicia Treder indicating that it had "temporarily frozen any account activity based on requests made in relation to Power of Attorney claims until such time that the discrepancy can be resolved. (Exs. F & G.) The letters noted that Plaintiff would require a court order "stating who has legal authority to act on Mr. Treder's accounts" or, in the alternative, an agreement and release signed by Defendants Treder II and Alicia Treder settling the issue and directing Plaintiff as to who the proper Attorney-in-Fact.

Yet, Plaintiff alleges that Defendant Alicia Treder effected a transfer of the funds in the Treder Accounts to accounts with company identified as Pershing that are under her control before Plaintiff's request Defendant AssetMark freeze the Treder Accounts, or Defendant AssetMark allowed the transfer despite Plaintiff's request to freeze the Treder Accounts.

Shortly thereafter, Plaintiff filed that present complaint in this Court on June 10, 2016 seeking declaratory and injunctive relief from this Court and seeking to have Defendants Alicia Treder or AssetMark transfer the funds back to Plaintiff pending the resolution of the issue of the proper Attorney-in-Fact. (ECF No. 1.)

### III. STANDARD OF REVIEW

It is the plaintiff's burden to demonstrate entitlement to preliminary injunctive relief and that burden is a substantial one. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.*" Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

A court may issue an Temporary Restraining Order without written or oral notice to the adverse party or its attorneys *only* if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and" (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

A district court must consider four factors when deciding whether to issue a injunctive relief:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a [an injunction] would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a [an injunction].

*Leary*, 228 F.3d at 736 (quoting *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cnty. Government*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted).

## IV. ANALYSIS

A. Likelihood of Success on the Merits

"[I]n order to establish success on the merits of a claim, a plaintiff must show more than a mere possibility of success." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 402 (6th Cir. 1997) (citation omitted). "[I]t is ordinarily sufficient if the plaintiff has raised question going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Id.* (citation omitted).

In the present case, Plaintiff is seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) such that the proper attorney in fact in regards to the Treder Accounts can be determined by this Court. Pursuant to the Declaratory Judgment Act, "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

It is well established that the Declaratory Judgment Act only "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists," and therefore, the Court must have an independent basis for subject matter jurisdiction. *Allstate Ins. Co. v. Das*, 86 F. Supp. 3d 716, 719 (E.D. Mich. 2015) (Michelson, J.) (citing *One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008)). Here, the complaint sets forth facts to support diversity jurisdiction. *See* 28 U.S.C. § 1332. "The Sixth Circuit has indicated that the district court is required to address whether the exercise of jurisdiction is appropriate in each case: 'The essential question is always whether a district court has taken a good look at the issue and

engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Das*, 86 F. Supp. 3d at 720 (quoting *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir.2014)).

Courts in the Sixth Circuit evaluate five non-exhaustive factors in determining whether to exercise their discretion and take jurisdiction over a declaratory judgment action:

(1) Whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; [which is determined by asking]

    a. whether the underlying factual issues are important to an informed resolution of the case;

    b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

    c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and

(5) whether there is an alternative remedy which is better or more effective.

*Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008) and *Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

As to the first and second factors, it is clear that this Court's order declaring which power of attorney is valid would resolve this controversy and clarify any legal relations in this action. As to the third factor, it does not appear that this action is being used as a "procedural fence" in a

race to the court house because there is no indication that any party has filed a competing action in a different jurisdiction in the two weeks since Plaintiff issued its letter to AssetMark seeking to freeze the Treder Accounts. *See AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) (discussing this context). The Court also finds that the fourth factor, whether friction between state and federal court could result, has limited relevance in this context because there is not currently a related action pending in state court. Finally, as to whether there is a more effective remedy than declaratory relief, the Court finds that no other mechanism is available to Plaintiff to resolve the issue of competing powers of attorneys.

Accordingly, the Court finds that Plaintiff has sufficiently evidenced that it has a high likelihood of success on the merits of its claims where all five factors weigh in favor of exercising jurisdiction over its claim for declaratory judgment.

        B.       Irreparable Harm

Plaintiff bears the burden in showing that in the absence of an injunction it will "suffer actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). An irreparable harm is one that is "not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (citation omitted).

Plaintiff notes in its motion and brief that it could be exposed to double liability if Defendant Alicia Treder or Defendant AssetMark are not made to disgorge the funds of the Treder Accounts. Additionally and more importantly, Plaintiff alleges in its Complaint that its reputation in the industry may suffer if the funds are not returned. (Compl., at ¶ 29.) Further, Plaintiff notes that Mr. Treder could suffer from irreparable harm if his monies are lost or

squandered. However, the Court notes that this risk would be one that could be compensable by monetary damages, and therefore does not suffice to constitute and "irreparable" harm under Rule 65.

Given Plaintiff's allegations that its reputation could be irreversibly besmirched by the loss of these funds and the threat of double liability and emotional turmoil that Mr. Treder could suffer, the Court finds that this factor weighs in favor of issuing an emergency temporary restraining order.

    C.    Possibility of Substantial Harm to Others

The Court finds that while the failure to issue a temporary injunction would result in an irreparable harm to Plaintiff, such an injunction would not cause substantial harm to others. An order directing Defendant Alicia Treder to return the $700,000 in funds to Plaintiff would not substantially harm Defendant Alicia Treder because such relief is temporary and the funds would be preserved pending a resolution of the competing powers of attorneys. Similarly, Defendant AssetMark would not be substantially harmed by a temporary injunction in this matter because such relief would obviate or ameliorate its potential liability regarding its alleged transfer of these funds.

Finally, neither Defendant Treder II, nor Defendant Alicia Treder would be substantially harmed by a temporary injunction blocking their access to the Treder Accounts because any claim they have over the funds is outweighed by Mr. Treder's right to have the proper Attorney-in-Fact directing his financial affairs.

    D.    Public Interest

Finally, as to the public interest, the Court finds that the public has an interest in ensuring

that an allegedly incompetent individual's financial affairs are properly managed and his wishes regarding his power of attorney are followed. To this end, it is incumbent that Mr. Treder's funds are preserved pending the resolution of the competing power of attorney claims.

      E.      Balancing the Factors

The Court finds that all four factors weigh in Plaintiff's favor, particularly the fact that Plaintiff faces irreparable harm without injunctive relief while the Defendants will not be exposed to any substantial harm. Accordingly, the Court finds Plaintiff is entitled to injunctive relief.

      F.      Notice to Defendants

The Court notes that pursuant to Fed. R. Civ. P. 65(b)(1)(B), Plaintiff's attorney has certified in writing that she has not served the Defendants in this matter. (ECF No. 8.) Plaintiff's attorney further attests that she did not engage Defendants in discussions regarding this action or the possibility that Plaintiff would seek injunctive relief because she believed that it would be futile based on past communications, and also that such alerting the parties to this requested relief would result in defendants taking or disposing of the contested funds before this Court could adjudicate the issue the contested powers of attorneys. The Court finds that these reasons are sufficient to support the request of an ex parte temporary restraining order.

## V. CONCLUSION

For all these reasons, the Court finds that Plaintiff has evidenced through its verified complaint that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition on this issue and GRANTS Plaintiff's Emergency Motion for Temporary Restraining Order against Defendants Alicia Treder, David William Treder II,

and Assetmark.

According, the Court ORDERS that Defendants Alicia Treder and AssetMark Investment Services, Inc. shall immediately return the funds originating from or in the Treder Accounts to the possession of Plaintiff Securian Financial Services, Inc., who shall retain possession of those funds until such time that this Court can schedule a preliminary injunction hearing between the parties but not longer than fourteen days from the date of this order.

The Court FURTHER ORDERS that Defendants David William Treder II and Alicia Treder are prohibited from taking steps to use, move, or otherwise dispose of the funds originating from or in the Treder Accounts until such time that this Court can schedule a preliminary injunction hearing between the parties but not longer than fourteen days from the date of this order.

IT IS SO ORDERED

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 13, 2016
Time:   3:54 p.m.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 13, 2016.

s/Deborah Tofil
Case Manager