UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURIAN FINANCIAL SERVICES, INC.,

       Plaintiff,

Case No.16-12137

vs.

Paul D. Borman
United States District Judge

DAVID WILLIAM TREDER II, ALICIA
TREDER, ASSETMARK INVESTMENT
SERVICES, INC., AND LPL FINANCIAL
HOLDINGS, INC.,

       Defendants.
_____/

## ORDER GRANTING DEFENDANT DAVID WILLIAM TREDER II'S MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER (ECF NO. 28)

Now before the Court is Defendant David William Treder II's Motion to Extend the Temporary Restraining Order originally entered by this Court on June 13, 2016. (ECF No. 28.)

For context and background, the Court notes that on June 13, 2016 Plaintiff filed its complaint and ex parte emergency motion for a temporary restraining order against Defendants David William Treder II, Alicia Treder, AssetMark Investment Services, Inc. and LPL Financial Holdings, Inc.[1] (ECF Nos. 1, 13.) In its complaint, Plaintiff alleged that David William Treder had opened two investment accounts with Plaintiff in September 2015 ("Treder Funds") and these funds totaled more than $700,000.00. Plaintiff further alleged that Defendant David William Treder II ("Treder II"), David William Treder's son, and Defendant Alicia Treder,

---

[1] Plaintiff filed an Amended Complaint by right on June 16, 2016 that added Defendant LPL Financial Holdings, Inc. as a defendant. (ECF No. 13.)

David William Treder's current wife and Defendant Treder II's step-mother, submitted conflicting powers of attorney to Plaintiff over the Treder Funds.  Upon recognizing that there were two competing powers of attorneys, Plaintiff sought to freeze the Treder Funds until an appropriate court could determine which power of attorney was valid.  The Treder funds, however, were then under the control of Defendant AssetMark and were transferred to Defendant LPL either before Defendant AssetMark was made aware of Plaintiff's requested freeze on the account or despite Plaintiff's requested freeze on the account.

This Court granted Plaintiff's ex parte temporary restraining order after holding an ex parte hearing on June 13, 2016.  (ECF No. 9.)  The temporary restraining order provided:

> Defendants Alicia Treder and AssetMark Investment Services, Inc. shall immediately return the funds originating from or in the Treder Accounts to the possession of Plaintiff Securian Financial Services, Inc. who shall retain possession of those funds until such time that this Court can schedule a preliminary injunction hearing between the parties but not longer than fourteen days from the date of this order.

(ECF No. 9, at * 11.)  Further, the Court ordered that

> Defendants William Treder II and Alicia Treder are prohibited from taking steps to use, move or otherwise dispose of the funds originating from or in the Treder Accounts until such time that this Court can schedule a preliminary injunction hearing between the parties but not longer than fourteen days from the date of this order.

(*Id.*)

Thereafter, the Court modified the June 13, 2016 temporary restraining order to include Defendant LPL such that "Defendants Alicia Treder, AssetMark Investment Services, Inc., *and* LPL shall immediately return the funds originating from or in the Treder Accounts to the possession of Plaintiff Securian Financial Services, Inc. who shall retain possession of those funds until such time that this Court can schedule a preliminary injunction hearing between the

parties but not longer than fourteen days from the date of the Court's June 13, 2016 Order." (ECF No. 20, Order granting Modification, at * 4.)

On June 27, 2016, the Court held a status conference regarding this matter. Plaintiff's attorney and attorneys for Defendants Treder II and Alicia Treder were present at this hearing. Defendants Treder II and Alicia Treder both represented that a divorce proceeding between Defendant Alicia Treder and David William Treder had been filed in Wayne County Circuit Court prior to Plaintiff filing the present federal action and that the state court had issued a ex parte mutual temporary restraining order on June 6, 2016 that provided that the Treder Funds could not be sold, transferred, assigned, encumbered or moved from the LPL accounts in which Treder Funds were now located. (*See* Alicia G. Treder v. David William Treder, Case No. 16-106625-DO; ECF No. 28, Ex. 1, 6/6/2016 Ex Parte Mutual Temporary Restraining Order.) It is undisputed that the Treder Funds are currently held by Defendant LPL and under the control of Defendant Alicia Treder. Defendant Alicia Treder noted during the status conference that the state court order required that the funds not be moved but that the funds were protected from dissipation or misappropriation.

On June 28, 2016, this Court entered an order extending the June 13, 2016 Temporary Restraining Order until July 5, 2016. (ECF No. 25.) Then, on June 29, 2016, David William Treder filed a Motion to Intervene. (ECF No. 26.)

Defendant Treder II now moves this Court to extend the Temporary Restraining Order that is set to expire today, July 5, 2016. (ECF No. 28.) Defendant Treder II represents that his father, David William Treder, died on July 3, 2016 and because of his death the divorce action will be dismissed. Defendant Treder II states that he and his sister, Kathryn Vertin, were the

designated beneficiaries of the Treder Funds while the funds were held by Plaintiff and prior to their transfer by Defendant Alicia Treder to Defendant LPL.  Defendant Treder II states that it is unknown whether Defendant Alicia Treder designated beneficiaries of the Treder Funds upon the transfer of those funds to the Defendant LPL IRA accounts where the Treder Funds now are held.  Defendant Treder II contends that the Court should extend the temporary restraining order because he and his sister, and ostensibly Plaintiff, face imminent irreparable harm if this Court's Temporary Restraining Order expires and the state court divorce proceeding and ex parte mutual temporary restraining order are dismissed because of his father's death.  Defendant Treder II also represents that Plaintiff concurs in the requested relief.[2]

Pursuant to FED. R. CIV. P. 65(b)(2), a temporary restraining order issued without notice cannot exceed fourteen days.  A court may, however, extend a temporary restraining for a "like period" for good cause.  *Id*.  The Court notes that under Michigan law "[a] court is without jurisdiction to render a judgment of divorce after the death of one of the parties.  'There must be living parties, or there can be no relationship to be divorced.'" *Tokar v. Albery*, 258 Mich. App. 350, 355 (Mich. Ct. App. 2003) (quoting *Tiedman v. Tiedman*, 400 Mich. 571, 576 (1977)).  Thus, due to the unfortunate death of David William Treder, the divorce action pending in Wayne County Circuit Court will be dismissed for lack of jurisdiction and the current ex parte mutual temporary restraining order will be similarly dismissed.  The Court finds that there is good cause for an extension of the Temporary Restraining Order in this action in light of the irreparable harm that Plaintiff and Defendant Treder II would likely suffer were the Treder

---

[2] The Court notes that Defendants AssetMark and LPL appear to have been served but have not yet filed an appearance in this action.

Funds to become unencumbered by a restraining order.

Accordingly, the Court will GRANT Defendant Treder II's Emergency Motion to Extend the June 28, 2016 Temporary Restraining Order for fourteen (14) days from the date of this order.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 5, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 5, 2016.


s/Deborah Tofil
Case Manager